**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MOTIVA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:08-cv-429 |
| v. ) | |
| ) | |
| NINTENDO CO., LTD. and ) | |
| NINTENDO OF AMERICA INC., ) | **JURY** |
| ) | |
| Defendants. ) | |

## DEFENDANT NINTENDO CO., LTD. AND NINTENDO OF AMERICA INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

Defendants Nintendo Co., Ltd. and Nintendo of America Inc. ("Nintendo") answer the Complaint of plaintiff Motiva, LLC ("Motiva") as follows:

## THE PARTIES

1. Nintendo is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and so denies them.

2. Nintendo admits the allegations of Paragraph 2.

3. Nintendo admits the allegations of Paragraph 3. Nintendo further asserts that this case would be more conveniently adjudicated in the Western District of Washington where Nintendo of America Inc. resides.

4. Nintendo admits the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Nintendo admits that the Complaint alleges an action for patent infringement arising under the Patent Laws of the United States. Except as expressly admitted, Nintendo denies the allegations of Paragraph 5.

6. Nintendo admits the allegations of Paragraph 6.

7. Nintendo admits the allegations of Paragraph 7.

8. Nintendo admits, for the purposes of this litigation only and as to itself only, the allegation that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and § 1400(b). Except as expressly admitted, Nintendo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and so denies them. Nintendo further asserts that this action should be transferred to the Western District of Washington for the convenience of parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. § 1404(a).

## CLAIMS

9. Nintendo incorporates its answers to Paragraphs 1-8 as if fully set forth herein.

10. Nintendo admits that, on its face, U.S. Patent No. 7,292,151 (the "'151 patent"), entitled "Human Movement Measurement System," indicates that it was issued by the PTO on November 6, 2007. Nintendo denies that the '151 patent was duly or legally issued. Except as expressly admitted, Nintendo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and so denies them.

11. Nintendo denies the allegations of Paragraph 11.

12. Nintendo denies each and every allegation of Paragraph 12 and specifically denies any wrongdoing, infringement, inducement of infringement, or contribution to infringement.

13. Nintendo denies the allegations of Paragraph 13.

14. Nintendo denies the allegations of Paragraph 14.

15. Nintendo denies the allegations of Paragraph 15.

### AFFIRMATIVE DEFENSES

Nintendo asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### First Defense: Non-Infringement

Nintendo has not infringed and does not infringe, directly, contributorily, or by inducement, any claim of the patents in suit, either literally or under the doctrine of equivalents, nor willfully or otherwise.

### Second Defense: Invalidity

The patent-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

### Third Defense: Specification and/or Prosecution Disclaimer

Motiva is barred by specification and/or prosecution history disclaimer from asserting any construction for any of the claims of the patent-in-suit that would cover any product manufactured, sold, or offered for sale by Nintendo.

### Fourth Defense: No Doctrine of Equivalents

Motiva is barred from asserting the doctrine of equivalents based on prosecution

history estoppel, the dedication-disclosure rule, and/or the claim vitiation doctrine.

### Fifth Defense: Laches, Waiver, and Estoppel

The patent-in-suit is unenforceable under the doctrine of laches, waiver, and/or estoppel.

### Sixth Defense: Prosecution Laches

The patent-in-suit is unenforceable under the doctrine of prosecution laches.

### Seventh Defense: Unclean Hands

Motiva is barred under the doctrine of unclean hands from obtaining any relief or recovery against Nintendo.

### Eighth Defense: Unavailability of Relief (Enhanced Damages)

Motiva has failed to plead and meet the requirements for enhanced damages.

### Ninth Defense: Indispensable Parties/Lack of Standing

Motiva's claims are barred in whole or in part to the extent that parties retaining rights to the '151 patent are not parties to this lawsuit.

### Tenth Defense: No Injunction

At a minimum, Motiva has an adequate remedy at law for any alleged infringement and will not suffer any allegedly irreparable or inadequately compensable damages. Upon information and belief, Motiva cannot meet the requirements for the entry of any injunction in this case.

### JURY DEMAND

Nintendo requests a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, defendant Nintendo prays for relief as follows:

 A. That the Court enter judgment in favor of Nintendo, and against plaintiff Motiva;

 B. That the Court find the patent-in-suit not infringed by Nintendo;

 C. That the Court find the patent-in-suit invalid;

 D. That Motiva take nothing by its Complaint against Nintendo;

 E. That the Court deny any and all of plaintiff Motiva's requests for injunctive relief;

 F. That the Court deny any and all of plaintiff Motiva's requests for equitable relief;

 G. That the Court dismiss Motiva's Complaint in its entirety, with prejudice;

 H. That the Court find this case exceptional under 35 U.S.C. § 285, and award Nintendo its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and,

 I. That the Court grant Nintendo such other and further relief as it deems just and proper.

## COUNTERCLAIMS

For its counterclaims against Motiva, Nintendo alleges as follows:

1. Nintendo incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2. The Complaint has established an actual and justiciable controversy between Nintendo and Motiva with respect to the validity, enforceability, and infringement, or lack thereof, of U.S. Patent No. 7,292,151 (the "'151 patent").

3. Jurisdiction over the subject matter of the controversy, personal jurisdiction over Motiva, and venue are co-extensive with the Complaint.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the Patent-in-Suit)

4. Nintendo incorporates Paragraphs 1-3 of these Counterclaims as is fully set forth herein.

5. Nintendo has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the patent-in-suit. Additionally, Motiva is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims of the patent-in-suit to cover any product manufactured, sold, or offered for sale by Nintendo.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the Patent-in-Suit)

6. Nintendo incorporates Paragraphs 1-3 of these Counterclaims as is fully set forth herein.

7. The patent-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 et seq., including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or under the doctrine of obviousness-type double patenting.

## JURY DEMAND

Nintendo requests a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Nintendo prays for relief as follows:

  A. That the Court enter judgment in favor of Nintendo, and against plaintiff Motiva;

  B. That the Court enter declaratory judgment that the patent-in-suit is not infringed by Nintendo;

  C. That the Court enter declaratory judgment that the patent-in-suit is invalid;

  D. That Motiva take nothing by its Complaint against Nintendo;

  E. That the Court deny any and all of plaintiff Motiva's requests for injunctive relief;

  F. That the Court deny any and all of plaintiff Motiva's requests for equitable relief;

  G. That the Court dismiss Motiva's Complaint in its entirety, with prejudice;

  H. That the Court find this case exceptional under 35 U.S.C. § 285, and award Nintendo its costs and fees in this action, including reasonable attorneys' fees and prejudgment interest thereon; and,

  I. That the Court grant Nintendo such other and further relief as it deems just and proper.


Dated:  January 26, 2009    Respectfully submitted,

            /s/ Trey Yarbrough
            Trey Yarbrough
             State Bar No. 22133500
             Email: trey@yw-lawfirm.com
             Tel. (903) 595-3111
             Fax (903) 595-0191
            YARBROUGH WILCOX, PLLC
             100 East Ferguson St., Suite 1015
             Tyler, TX 75702

OF COUNSEL:

Peter A. Bicks
   Email: pbicks@orrick.com
   Tel. (212) 506-5000
   Fax (212) 506-5151
ORRICK, HERRINGTON & SUTCLIFFE LLP
   666 Fifth Avenue
   New York, NY 10103-0001

Joe Presta
   Email: jsp@nixonvan.com
   Tel. (703) 814-4042
   Fax (703) 816-4100
NIXON & VANDERHYE P.C.
   901 North Glebe Rd., 11th Floor
   Arlington, VA 22203

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 26, 2009.   All other counsel of record will be served via facsimile or first class mail.


                                             /s/ Trey Yarbrough
                                            Trey Yarbrough